

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-29-2008

# Shirley Banks-Bennet v. Johnny O'Brien

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-1588

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Shirley Banks-Bennet v. Johnny O'Brien" (2008). *2008 Decisions.* Paper 609.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/609

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

CLD-275                                            **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-1588
_____

SHIRLEY A. BANKS-BENNETT,

Appellant

v.

JOHNNY O'BRIEN, Office of the President

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 07-cv-01875)
District Judge:  Honorable William W. Caldwell

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
August 14, 2008
Before:  AMBRO, FUENTES and JORDAN,  Circuit Judges

(Opinion filed August 29, 2008   )
_____

OPINION
_____

PER CURIAM

Shirley Banks-Bennett ("Banks-Bennett") appeals orders of the United States

District Court for the Middle District of Pennsylvania dismissing her complaint and

denying her motion for reconsideration.  We will dismiss the appeal.

Banks-Bennett instituted an action in the District Court on October 16, 2007, on behalf of her minor son, George, who formerly attended the Milton Hershey School. The suit was brought against Johnny O'Brien, who is identified in Banks-Bennett's complaint as the school's president. In the complaint, she alleges that her son suffered "child abuse/verbal abuse" by the "house parent of Edgewood," that the school failed to "contact [a] parent/sponsor" after her son was sent to the "Health Center," that her son was retaliated against for exercising his free speech rights, and that a school employee named Mr. Randolph took her son's ring. She also filed a motion for appointment of counsel. Shortly thereafter, O'Brien filed a motion to dismiss the complaint.

On December 20, 2007, the District Court issued an order granting Banks-Bennett's motion to proceed in forma pauperis, denying her motion for appointment of counsel, and dismissing the complaint without prejudice because Banks-Bennett, as a non-attorney, was not allowed to represent her son in federal court. The District Court determined that appointment of counsel was not warranted because the claims asserted in the complaint lacked arguable merit. Construing the "child abuse/verbal abuse" allegations as asserting violations of the Due Process Clause of the Fourteenth Amendment, the District Court concluded that Banks-Bennett had not stated a valid Fourteenth Amendment claim under 42 U.S.C. § 1983 because she did not allege that O'Brien had personally engaged in any wrongdoing, nor did she provide any indication that the challenged conduct occurred under color of state law. For the same reasons, the

2

District Court concluded that the allegations concerning the school's failure to give notice of her son's transfer did not give rise to a federal claim, and that the First Amendment retaliation claim was likewise without merit. The District Court also rejected Banks-Bennett's assertion that the abuse claims were cognizable under 18 U.S.C. §§ 2255 and 2258.

On January 9, 2008, Banks-Bennett filed a motion for reconsideration of the order dismissing her complaint. As the motion merely repeated the factual allegations in the complaint and did not allege an intervening change in law or cite to any previously unavailable evidence, the District Court concluded, in an order entered February 13, 2008, that Banks-Bennett had not demonstrated grounds for reconsideration. On February 19, 2008, Banks-Bennett filed a document which may be construed as a notice of appeal from the District Court's orders of December 20, 2007 and February 13, 2008.[1] We have jurisdiction over the appeal under 28 U.S.C. § 1291.

Banks-Bennett may not proceed pro se with this appeal because she is a non-attorney asserting claims on behalf of her son. See Osei-Afriyie v. Med. Coll. of Pa., 937 F.2d 876, 882-83 (3d Cir. 1991). Insofar as she requests appointment of counsel to represent her son, we deny the request because there are no meritorious issues on appeal.

---

[1] Because the motion for reconsideration was filed within ten business days of the order dismissing the complaint, the motion tolled the time for filing a notice of appeal of that order. See FED. R. APP. P. 4(a)(4)(A); FED. R. CIV. P. 6(a). Accordingly, the notice of appeal is timely as to the orders dismissing the complaint and denying reconsideration.

3

See Tabron v. Grace, 6 F.3d 147, 155-56 (3d Cir. 1993). The District Court properly dismissed the complaint under Osei-Afriyie, and did not abuse its discretion in declining to appoint counsel, because, as explained in the District Court's Memorandum of December 20, 2007, the claims in the complaint lack arguable merit.

Accordingly, we will dismiss the appeal. Appellee's motion for summary action dismissing the appeal is denied as moot.